UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONAL HERNANDEZ GARCIA,

      Petitioner,

    v.                           Case No.:  2:26-cv-01342-SPC-DNF

WARDEN, GLADES COUNTY
DETENTION CENTER *et al.*,

      Respondents,

---

## OPINION AND ORDER

Before the Court are Ronal Hernandez Garcia's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Hernandez Garcia's reply (Doc. 5).  For the below reasons, the Court grants the petition.

Hernandez Garcia is a native and citizen of Cuba who became a lawful permanent resident of the United Stats on December 28, 2013.  On January 31, 2018, he was convicted of trafficking in counterfeit credit cards and sentenced to one year in jail.  Hernandez Garcia recently traveled abroad and returned to the United States on October 23, 2025.  Border Patrol arrested him at the Miami International Airport and issued a notice to appear, charging Hernandez Garcia with removability due to the 2018 conviction.  He has been detained in the custody of Immigration and Customs Enforcement ever since.  On April 12, 2026, an immigration judge ordered Hernandez Garcia removed

to Cuba, and Hernandez Garcia appealed.  The appeal is pending before the Board of Immigration Appeals ("BIA").

Hernandez Garcia claims his continued detention without a bond hearing violates the Immigration and Nationality Act, the Fifth Amendment, and the *Accardi*[1] doctrine.

In response, the government first argues Hernandez Garcia failed to exhaust administrative remedies by requesting a bond hearing before an immigration judge.  A plaintiff or petitioner need not exhaust administrative remedies if "the administrative body is shown to be biased or has otherwise predetermined the issue before it."  *McCarthy v. Madigan*, 503 U.S. 140, 148 (1992).  ICE takes the position Hernandez Garcia is subject to mandatory detention under 8 U.S.C. § 1226(c) due to his 2018 arrest.  In *Matter of Yajure Hurtado*, the BIA held that immigration judges have no authority to consider bond requests from noncitizens subject to mandatory detention.  29 I&N Dec. 216, 220 (BIA 2025).  The Court finds good cause to excuse exhaustion because the result appears predetermined under *Yajure Hurtado*.

As to the merits of Hernandez Garcia's claims, the government argues mandatory detention under § 1226(c) is proper because his 2018 conviction is a crime involving moral turpitude.  Hernandez Garcia contends the

---

[1] *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)

government cannot invoke § 1226(c) years after he completed his criminal sentence. The Eleventh Circuit has not addressed this issue, but the Second, Third, Fourth, and Tenth Circuits have held that § 1226(c) applies even when the government does not detain the noncitizen immediately after his release from custody. *Lora v. Shanahan*, 804 F.3d 601, 613 (2d Cir. 2015); *Sylvain v. Att'y Gen. of the United States*, 714 F.3d 150, 156-57 (3d Cir. 2013); *Hosh v. Lucero*, 680 F.3d 375, 381 (4th Cir. 2012); *Olmos v. Holder*, 780 F.3d 1313, 1324 (10th Cir. 2015). This Court agrees that a delay in detention does not strip the government of its authority to detain a noncitizen under § 1226(c).

That is not the end of the inquiry. In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court considered the constitutionality of mandatory detention under § 1226(c). "While *Demore* upheld § 1226(c)'s provision mandating detention of criminal aliens during removal proceedings, it did so with a strong constitutional caveat about due process concerns as to continued mandatory detention where the duration of the removal proceedings is unreasonably long or delayed." *Sopo v. U.S. Attorney Gen.*, 825 F.3d 1199 (11th Cir. 2016).

The Eleventh Circuit found "an implicit temporal limitation at which point the government must provide an individualized bond hearing to detained criminal aliens whose removal proceedings have become unreasonably prolonged." *Id.* at 1214. The court adopted a case-by-case approach to determine when a noncitizen becomes entitled to a bond hearing. It identified

3

a non-exhaustive list of factors and noted "the factors that should be considered will vary depending on the individual circumstances present in each case. *Id.* at 1218. The Court finds four factors particularly relevant here.

1. The amount of time the alien has been detained without a bond hearing

Hernandez Garcia has been detained since October 23, 2025—so about 200 days as of this Order—without a bond hearing. "The need for a bond inquiry is likely to arise in the six-month to one-year window, at which time a court must determine whether the purposes of the statute—preventing flight and criminal acts—are being fulfilled, and whether the government is incarcerating the alien for reasons other than risk of flight or dangerousness." *Sopo*, 825 F.3d at 1217. Given the duration of Hernandez Garcia's detention, this factor favors a bond hearing.

2. Why the removal proceedings have become protracted

There is no evidence of dilatory tactics by either side here. While Hernandez Garcia prolonged the proceedings by appealing to the Board of Immigration Appeals, he had every right to do so. *See id.* ("We are not saying that aliens should be punished for pursuing avenues of relief and appeals.") *Id.* at 1218. This factor favors neither side.

3. Whether it will be possible to remove the alien after a final order of removal

4

The immigration court ordered Hernandez Garcia to Cuba, which generally does not accept repatriations from the United States. This factor favors a bond hearing.

4.   <u>Whether the time in immigration detention exceeds the prison sentence</u>

On one hand, Hernandez Garcia's time in immigration detention has not yet exceeded his one-year jail sentence. On the other hand, there is no end in sight. This factor weighs against a bond hearing, but not heavily.

After weighing the *Sopo* factors, the Court finds a bond hearing appropriate. The Court will thus order the respondents to either bring Hernandez Garcia before an immigration judge for an individualized bond hearing within ten days or release him under reasonable conditions of supervision while the BIA considers his appeal. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Hernandez Garcia's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. If the respondents are

unable to ensure Hernandez Garcia receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Ronal Hernandez Garcia's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1)   Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Hernandez Garcia for an individualized bond hearing before an immigration judge or (2) release Hernandez Garcia under reasonable conditions of supervision.  If the respondents release Hernandez Garcia, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 12, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

6